**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA VERGARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 3091 |
| | ) | |
| GOLD, INC. d/b/a Dunkin Donuts, | ) | |
| an Illinois corporation; AKBAR A. MITHANI, | ) | |
| and NIKKI PATEL, | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

## COMPLAINT

Plaintiff Angela Vergara ("Plaintiff"), by her attorneys, Markoff Leinberger LLC, states as follows for her Complaint against Defendants Gold, Inc. d/b/a Dunkin Donuts ("Gold"); Akbar A. Mithani ("Mithani") (Gold and Mithani collectively, "Corporate Defendants"); and Nikki Patel ("Patel") (Corporate Defendants and Patel collectively, "Defendants").

### NATURE OF THE CASE

1.      This case is based upon Defendants' fraudulent use of Plaintiff's identity, in particular her social security number, to pay wages to another person while attributing those wages to Plaintiff when reporting to the Internal Revenue Service ("IRS") and the Illinois Department of Revenue ("IDOR"). By their fraudulent reporting, Corporate Defendants have violated Section 7434 of the Internal Revenue Code, 26 U.S.C. § 7434, and Defendants committed various common law torts. Defendants' fraudulent conduct has caused Plaintiff to incur additional tax liabilities, caused her to be liable to the Illinois Department of Employment Security ("IDES") because she was (rightfully) collecting unemployment benefits but (wrongfully) showing reported income at

1

the same time and exposed Plaintiff to a potential ban on unemployment benefits and other government subsidies.

## PARTIES

2.      Plaintiff is an individual who resides in this district.

3.      Gold is an Illinois corporation with its principal place of business in this district.

4.      At all relevant times, Gold did business as Dunkin Donuts at 3910 S Archer Ave, Chicago IL 60632 ('the Store").

5.      Mithani is an individual who resides in this district.

6.      At all relevant times, Mithani was the President and Secretary of Gold.

7.      Patel is an individual who, on information and belief, resides in this district.

8.      At all relevant time, Patel was the manager of the Store.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367.

10.     Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial district and a substantial part of the events giving rise to the claims occurred in this judicial district.

## COMMON FACTS

11.     Through early December 2014 ("Last Day"), Plaintiff was an employee of Gold. Plaintiff does not have her pay stub identifying her exact last date of employment with Gold and Gold and so far refused to provide the information.  That information is within the exclusive possession of Gold.

12.     Specifically, Plaintiff worked at the Store.

13.     After the Last Day, Plaintiff was no longer employed by Gold.

14.     Subsequent to the Last Day, Gold paid wages to another Gold employee under the guise of Plaintiff's social security number for at least one pay period in 2014.

15.     In early 2015, Plaintiff received a W2 from Gold that overstated the amount Gold paid Plaintiff in 2014 because it included the amount paid by Gold to the other employee under the guise of Plaintiff's social security number.

16.     In 2015, Gold paid wages to another Gold employee under the guise of Plaintiff's social security number.

17.     In early 2016, Plaintiff received a W2 from Gold stating that Gold paid Plaintiff wages in 2015.

18.     Gold did not pay Plaintiff wages in 2015.

19.     Plaintiff was advised by a Patel that Gold overstated her income and attributed another employee's wages to Plaintiff because that other employee could not clear an E-Verify check, whereas Plaintiff could clear an E-Verify check, thus allowing Defendants to attribute the wages to Plaintiff's social security number.

20.     Gold reported to the IRS that it paid Plaintiff wages subsequent to the Last Day.

21.     Gold reported to the IDOR that it paid Plaintiff wages subsequent to the Last Day.

22.     Gold reported to IDES that it paid Plaintiff wages subsequent to the Last Day.

23.     In 2015, Plaintiff collected unemployment benefits from IDES, because she was involuntarily unemployed or underemployed.

24.     In January 2016, IDES notified Plaintiff that it found Plaintiff to have committed unemployment insurance fraud, because while she was collecting unemployment benefits in 2015, Gold reported income to Plaintiff that would disqualify Plaintiff for the IDES payments she received.

3

25.     Plaintiff has been ordered by IDES to repay IDES $3,620 in allegedly overpaid benefits.

26.     Pursuant to 820 ILCS 405/901.1, Plaintiff is also liable to pay a 15% penalty to IDES.

27.     Pursuant to 820 ILCS 405/901, Plaintiff also faces a ban on collecting unemployment benefits for 26 weeks.

28.     Plaintiff also faces the possibility of prosecution, loss of tax refunds and loss of other subsidies.

29.     Mithani is the owner of several entities that operate retail establishments, and he knew or should have known that neither Gold nor he could legally file false information returns with the IRS or false information with the IDOR or IDES.

30.     Patel is the manager of the Store, and she knew or should have that neither she, Gold nor Mithani could legally falsely attribute wages to Plaintiff that were not paid to Plaintiff.

**COUNT I**
**Violation of 26 U.S.C. § 7434**
**2014 W2**

31.     Plaintiff incorporates herein by reference paragraphs 1-30.

32.     On information and belief, in early 2015, Gold filed with the IRS a copy of Plaintiff's 2014 W2 from Gold.

33.     On information and belief, in early 2015, Mithani, as President, Secretary and authorized signatory of Gold, filed with the IRS a copy of Plaintiff's 2014 W2 from Gold.

34.     The 2014 W2 is an "Information Return" as that term is defined by 26 U.S.C. § 6724(d)(1)(A)(i).

35.     26 U.S.C. § 7434(a) provides as follows:

> If any person willfully files a fraudulent information return with respect to
> payments purported to be made to any other person, such person may bring
> a civil action for damages against the person so filing such return.

36.  Corporate Defendants' filing of Plaintiff's 2014 W2 with the IRS constitutes the filing of a fraudulent information return because it included false information as to the amount Gold paid Plaintiff in 2014.

37.  Corporate Defendants' filing of Plaintiff's 2014 W2 with the IRS was willful because Corporate Defendants knew that they were prohibited from filing fraudulent information returns with the IRS.

38.  Pursuant to 26 U.S.C. § 7434(b), Plaintiff is entitled to damages of the greater of actual damages or $5,000, together with attorneys' fees and costs.

WHEREFORE, Plaintiff Angela Vergara requests that this Court enter judgment in her favor and against Gold, Inc. d/b/a Dunkin Donuts and Akbar A. Mithani and award the following:

A.  The greater of statutory damages of $5,000 or actual damages;
B.  Attorneys' Fees;
C.  Costs;
D.  A finding of the correct amount of wages attributable to Plaintiff for 2014; and
E.  Such other relief as this Court deems proper.

## COUNT II
### Violation of 26 U.S.C. § 7434
### 2015 W2

39.  Plaintiff incorporates herein by reference paragraphs 1-30.

40.  On information and belief, in early 2016, Gold filed with the IRS a copy of Plaintiff's 2015 W2 from Gold.

41.  On information and belief, in early 2016, Mithani, as President, Secretary and authorized signatory of Gold, filed with the IRS a copy of Plaintiff's 2015 W2 from Gold.

42. The 2015 W2 is an "Information Return" as that term is defined by 26 U.S.C. § 6724(d)(1)(A)(i).

43. 26 U.S.C. § 7434(a) provides as follows:

> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return.

44. Corporate Defendants' filing of Plaintiff's 2015 W2 with the IRS constitutes the filing of a fraudulent information return because it falsely reported that Gold paid wages to Plaintiff in 2015.

45. Corporate Defendants' filing of Plaintiff's 2015 W2 with the IRS was willful because Defendants knew that they were prohibited from filing fraudulent information returns with the IRS.

46. Pursuant to 26 U.S.C. § 7434(b), Plaintiff is entitled to damages of the greater of actual damages or $5,000, together with attorneys' fees and costs.

WHEREFORE, Plaintiff Angela Vergara requests that this Court enter judgment in her favor and against Gold, Inc. d/b/a Dunkin Donuts and Akbar A. Mithani and award the following:

A. The greater of statutory damages of $5,000 or actual damages;
B. Attorneys' Fees;
C. Costs;
D. A finding of the correct amount of wages attributable to Plaintiff for 2015; and
E. Such other relief as this Court deems proper.

## COUNT III
### Common Law Fraudulent Concealment

47. Plaintiff incorporates herein by reference paragraphs 1-30.

48. Because Gold was Plaintiff's former employer that required, and had access to, Plaintiff's sensitive personal information, including her social security number, Gold and Plaintiff were in a special or fiduciary relationship.

6

49.     Because Gold was Plaintiff's former employer and Patel was Plaintiff's former manager, each required, and had access to, Plaintiff's sensitive personal information, including her social security number, and Defendants and Plaintiff were in a confidential relationship in which Defendants were placed in positions of influence and superiority over Plaintiff.

50.     Due to Defendants' special, fiduciary and/or confidential relationship with Plaintiff, Defendants owed Plaintiff duties to protect Plaintiff's information, not to disclose Plaintiff's information or information about her unnecessarily or illegally, to disclose Plaintiff's information or information about her accurately when necessary or legally necessary and to inform Plaintiff about the disclosure of Plaintiff's information or information about her.

51.     Defendants concealed from Plaintiff that it intended to, and did, report income falsely attributed to Plaintiff's name and social security number to the IRS, IDOR and IDES.

52.     Defendants' concealment was intended to induce in Plaintiff a false belief that their relationship was terminated and that Gold would not report to the IRS, IDOR and IDES income falsely attributed to Plaintiff.

53.     Plaintiff could not have discovered Gold's false reporting through reasonable inquiry because, until IDES notified her in December 2015 that income was being falsely attributed to her, she had no idea Gold was doing so.

54.     Gold did not provide paystubs to Plaintiff at any time after she left Gold's employment and was not made aware of Gold's quarterly filings with IDOR and/or IDES in which it falsely attributed income to Plaintiff.

55.     Had Plaintiff been aware of Gold's false reporting, she would have taken action to correct the false reporting, including notifying the IRS so as not to be overtaxed or receive a deficiency notice or audit, notifying IDOR so as to not to be overtaxed or receive a deficiency

7

notice or audit and notifying IDES so as not to lose unemployment benefits, not to be ordered to repay benefits rightfully received, not to have to pay a penalty, not to be found guilty of fraud, not to face prosecution, not to serve a 26 week penalty from receiving unemployment benefits and not to lose other state subsidies.

56.     Plaintiff reasonably relied on Defendants not misusing her personal information and reporting income falsely attributed to her because she had nothing more to do with Defendants after her separation from Gold's employ and had no reason to believe Gold was making false reports.

57.     Defendants' concealment from Plaintiff that Gold was reporting income falsely attributed to Plaintiff has damaged Plaintiff by

a.      causing Plaintiff additional tax liability to the IRS and IDOR due to Gold over-reporting income paid to Plaintiff;

b.      exposing Plaintiff to deficiency notices and audits from the IRS and IDOR due to the over-reporting;

c.      causing Plaintiff to be found guilty of unemployment insurance fraud by IDES;

d.      causing Plaintiff to be liable to IDES for repayment of $3,620, plus penalties;

e.      causing Plaintiff to be banned from collecting unemployment benefits for 26 weeks; and

f.      exposing Plaintiff to prosecution and loss of other state subsidies.

58.     Defendants acted intentionally, deliberately and with the intention of concealing Gold's false reporting from Plaintiff.

59.     Defendants' actions were malicious and with reckless disregard for Plaintiff's rights and the rights of federal and state authorities to collect accurate information about taxpayers, employees and employers.

WHEREFORE, Plaintiff Angela Vergara requests that this Court enter judgment in her favor and against Gold, Inc. d/b/a Dunkin Donuts; Akbar A. Mithani; and Nikki Patel and award the following:

    A.    Actual damages;
    B.    Punitive damages;
    C.    Costs; and
    D.    Such other relief as this Court deems proper.

## COUNT IV
### Breach of Confidence

60.    Plaintiff incorporates herein by reference paragraphs 1-30.

61.    Defendants owed Plaintiff an obligation of confidence not to disclose illegally Plaintiff's confidential information, including her social security number.

62.    Defendants owed Plaintiff an obligation of confidence not to use illegally Plaintiff's confidential information, including her social security number.

63.    Plaintiff's confidential information, including her social security number, is not generally known or readily available.

64.    Defendants breached their obligations of confidence to Plaintiff by Gold's reporting to the IRS, IDOR and IDES, under Plaintiff's name and social security number, that Gold paid wages to Plaintiff in 2014 and 2015 that were not actually paid to Plaintiff.

65.    Defendants' wrongful disclosure of Plaintiff's confidential information was detrimental to Plaintiff, in that it caused Plaintiff (a) to have a higher tax liability to the IRS and IDOR than she should have had; (b) to face exposure to audits and criminal prosecution; (c) to incur liability to IDES for repayment of unemployment benefits and penalties; (d) to be banned from collecting unemployment benefits for 26 weeks; and (e) to face exposure to suspension of other government subsidies.

66.     Defendants acted intentionally, deliberately and with the intention of concealing Gold's false reporting from Plaintiff.

67.     Defendants' actions were malicious and with reckless disregard for Plaintiff's rights and the rights of federal and state authorities to collect accurate information about taxpayers, employees and employers.

WHEREFORE, Plaintiff Angela Vergara requests that this Court enter judgment in her favor and against Gold, Inc. d/b/a Dunkin Donuts; Akbar A. Mithani; and Nikki Patel and award the following:

    A.     Actual damages;
    B.     Punitive damages;
    C.     Costs; and
    D.     Such other relief as this Court deems proper.

## COUNT V
## Invasion of Privacy

68.     Plaintiff incorporates herein by reference paragraphs 1-30.

69.     Plaintiff's social security number, on its own and in combination with Plaintiff's name, constitute private information of Plaintiff.

70.     Defendants' false attribution of wages to Plaintiff in Gold's reports to the IRS, IDOR and IDES under Plaintiff's name and social security number constituted public disclosure of Plaintiff's private information.

71.     Gold's false reporting placed Plaintiff in a false light before the public, including falsely showing that she had higher wages than she did and causing Plaintiff to be found liable for unemployment insurance fraud.

72.     A trier of fact could decide that the false light in which Defendants placed Plaintiff is highly offensive to a reasonable person.

73.     When Gold made its false reports to the IRS, IDOR and IDES, it did so knowing that the reports were false or it did so with reckless disregard for whether the reports were true or false.

WHEREFORE, Plaintiff Angela Vergara requests that this Court enter judgment in her favor and against Gold, Inc. d/b/a Dunkin Donuts; Akbar A. Mithani; and Nikki Patel and award the following:

A.     Actual damages;
B.     Punitive damages;
C.     Costs; and
D.     Such other relief as this Court deems proper.

## COUNT VI
## Civil Conspiracy

74.     Plaintiff incorporates herein by reference paragraphs 1-30.

75.     In December 2014, Defendants agreed to have Gold report to the IRS, IDOR and IDES that Gold paid wages to Plaintiff while actually paying those wages to another Gold employee ("the Agreement").

76.     The Agreement was made for the purpose of allowing Gold not to report income it paid to another employee.

77.     The Agreement was made for the purpose of evading reporting requirements in the Illinois Income Tax Act, 35 ILCS 5/101, *et seq*.

78.     The Agreement was made for the purpose of evading reporting requirements in the Internal Revenue Code.

79.     The Agreement was made for the purpose of evading E-Verify verification requirements.

11

80.     Defendants improperly disclosed and used Plaintiff's name and social security number; defrauded Plaintiff; and defrauded the IRS, IDOR and IDES.

81.     Defendants' actions were knowing and voluntary.

WHEREFORE, Plaintiff Angela Vergara requests that this Court enter judgment in her favor and against Gold, Inc. d/b/a Dunkin Donuts; Akbar A. Mithani; and Nikki Patel and award the following:

A.     Actual damages;
B.     Punitive damages;
C.     Costs; and
D.     Such other relief as this Court deems proper.

**Plaintiff Demands a Trial By Jury**

ANGELA VERGARA, Plaintiff,

By:     s/ Paul F. Markoff
        One of Plaintiff's Attorneys

Paul F. Markoff (IL Atty. No. 6237614)
Karl G. Leinberger (IL Atty. No. 6237537)
Markoff Leinberger LLC
134 N LaSalle St, Ste 1050
Chicago IL 60602
312.726.4162 (p)
312.674.7272 (f)
paul@markleinlaw.com